IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 26-2684

_____

UNITED STATES OF AMERICA,

*Plaintiff–Appellee,*

v.

COMMONWEALTH OF PENNSYLVANIA; and AL SCHMIDT, in his
official capacity as Secretary of the Commonwealth of Pennsylvania,

*Defendants–Appellants.*

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
No. 2:25-cv-01481-CB (Honorable Cathy Bissoon)

_____

MOTION TO INTERVENE OF AMERICA FIRST POLICY
INSTITUTE — PENNSYLVANIA

_____

WALTER S. ZIMOLONG III
ZIMOLONG, LLC
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
wally@zimolonglaw.com

1

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Third Circuit Local Appellate Rule 26.1.1, proposed intervenor America First Policy Institute—Pennsylvania states that it is a nonprofit, non-stock corporation; it has no parent corporation; and, because it issues no stock, no publicly held corporation owns ten percent or more of its stock.

## INTRODUCTION

Proposed intervenor, America First Policy Institute—Pennsylvania ("AFPI"), respectfully moves to intervene in this appeal as an intervenor-appellant. Although the Federal Rules of Appellate Procedure contain no express provision governing intervention before this Court for non-agency appeals, this Court nonetheless has authority to permit intervention on appeal and evaluates such requests under the standards of Federal Rule of Civil Procedure 24. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 278–79 (2022). The four-factor standard that governs intervention as of right in the district court therefore governs AFPI's request here.

AFPI is a nonprofit, nonpartisan public-interest organization dedicated to promoting election integrity through research, public education, and litigation. Its core mission requires access to records that show how States maintain accurate voter rolls, including information about list-maintenance programs, removal of ineligible registrants, and compliance with federal requirements. AFPI has invested significant resources investigating Pennsylvania's voter-registration system. The denial of its information requests under both the National Voter

Registration Act ("NVRA") and Pennsylvania's Right-to-Know Law directly impairs AFPI's statutory right to review list-maintenance records, frustrates its ability to carry out its mission, and forces it to divert resources away from other issues. Because AFPI depends on these records to conduct independent analysis, publish findings, communicate with election officials, and potentially bring litigation to seek compliance with the NVRA, the outcome of this litigation will directly affect its ability to access information essential to its work.

After sending formal notice letters and attempting to work cooperatively with the Department of State, AFPI sought records under Pennsylvania's Right-to-Know Law and under the NVRA's public-inspection provisions. Pennsylvania denied those requests. Almost simultaneously, the United States filed this litigation, alleging that Pennsylvania had withheld federally required list-maintenance records.

AFPI filed a timely motion to intervene with the district court as a plaintiff-appellant on the side of the United States. Several other parties filed motions to intervene on the side of the Secretary. The district court granted the motions of the parties that sought to intervene on behalf of the Secretary and held its decision on AFPI's motion to intervene in

abeyance. When the district court entered its order dismissing the United States' complaint, it simultaneously denied AFPI's motion to intervene at the district court as moot. *see* Memorandum and Order, at 5, ECF No. 146.

AFPI now moves to intervene as of right under the standards of Rule 24(a) and, alternatively, for permissive intervention under the standards of Rule 24(b).

The Secretary opposes AFPI's intervention. The intervening parties take no position on AFPI's request.

## ARGUMENT

This Court has the discretion to grant intervention to a party. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 278–79 (2022). While there is no Rule of Appellate Procedure that addresses intervention in a non-agency appeal, appellate courts look to the principles underlying intervention before the district courts. *Id.* at 277; *Automobile Workers v. Scofield*, 382 U.S. 205, 217, n. 10 (1965).

The Rules of Civil Procedure permit intervention by right or permission. Under Rule 24(a)(2), upon timely motion, "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A litigant must satisfy four elements to intervene as of right. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987) (citing *Commonwealth of Pa. v. Rizzo*, 530 F.2d 501, 504 (3d Cir. 1976)). First, the application must be timely. *Id.* Second, the litigant must demonstrate a sufficient interest in the litigation. *Id.* Third, it must demonstrate that its asserted interest may

be affected or impaired by the disposition of the litigation. *Id.* And fourth, it must show that its asserted interest is not adequately represented by an existing party. *Id.*

Alternatively, under Rule 24(b)(1), the court may grant permissive intervention, upon a "timely motion," where the movant "has a claim or defense that shares with the main action a common question of law or fact." Such intervention is discretionary, and the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

AFPI is entitled to intervene as of right because it satisfies each element of Rule 24(a)(2), as explained below. Alternatively, the Court should permit AFPI to intervene under Rule 24(b)(1) because its motion is timely, AFPI shares claims and facts in common with the United States, and its intervention will not unduly delay or prejudice the adjudication of this appeal.

## I.    AFPI Is Entitled to Intervene as a Matter of Right.

AFPI has a significantly protectable interest in the statutorily mandated disclosure of information necessary to carry out its core research and advocacy mission. Because neither the Appellees nor the

United States adequately represents that interest—including AFPI's statutory right to information under the NVRA—AFPI is entitled to intervention as of right under the standards of Rule 24(a).

### A. AFPI's Motion to Intervene Is Timely.

A motion to intervene must be timely, and timeliness is assessed under the totality of the circumstances, considering "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005).

This appeal is at an early stage. The appeal was docketed on July 7, 2026. This Court has not yet issued a briefing schedule. In sum, AFPI files this motion within 14 days of the docketing of the appeal, and before the parties' briefs are due. Moreover, AFPI timely moved to intervene as a party before the district court below. However, the district court denied the motion as moot at the same time it dismissed the United States' claims with prejudice.[1]

---

[1] Because the district court denied the motion to intervene as moot, AFPI lacks standing to file an appeal to this Court. *Corman v. Sec'y Commonwealth of Pennsylvania*, 751 F. App'x 157, 161 (3d Cir. 2018) ("Since the District Court properly denied Cutler's motion to intervene, he is neither a party nor an intervenor. He thus lacks standing to appeal the District Court's March 19, 2018 order dismissing the plaintiffs' complaint with prejudice and denying the motion to enjoin the implementation of the replacement.").

Thus, AFPI has not delayed in moving to intervene and granting intervention will require no continuance, disrupt no established schedule, and impose no additional burden on the existing parties.

### B. AFPI Possesses a Significant Interest in the Disposition of This Matter.

A movant for intervention must demonstrate a sufficient interest in the subject matter of the litigation. *Rizzo*, 530 F.2d at 504. This interest must be specific to the intervenor, capable of definition, and directly affected in a substantially concrete manner by the relief sought. *Transource Pa., LLC v. Dutrieuille*, 2022 WL 2235466 (3d Cir. June 22, 2022) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)).

The Supreme Court analyzes intervention interests in the context of Article III standing, which requires an "injury in fact"—an "invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Where an intervenor's interest satisfies Article III standing, it necessarily satisfies the

"interest" prong of Rule 24(a), because "Article III standing requirements are more stringent than those for intervention under Rule 24(a)." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001)

First, AFPI has a statutory right to bring an action for violations of the NVRA under 52 U.S.C. § 20510(b)(2). For this reason alone, AFPI satisfies the stricter requirements of Article III standing and has met its burden to demonstrate "a sufficient interest in the subject matter of the litigation." *Harris*, 820 F.2d at 596. AFPI seeks to enforce its statutory entitlement to "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," 52 U.S.C. § 20507(i)(1), which were denied as a result of the Commonwealth's deficient response to AFPI's Right-to-Know request. The Commonwealth's failure to provide records required by federal law[2]—to both the federal government and to AFPI under the NVRA's public-inspection provisions—is emblematic of Pennsylvania's efforts to obscure its non-compliance with federal election laws such as the NVRA and the Help America Vote Act ("HAVA"). Courts across the country have repeatedly validated informational injuries

---

[2] *See* Compl. of the United States ¶¶ 33–45, ECF No. 1.

under the NVRA asserted by watchdog groups seeking to protect the integrity of elections.[3] AFPI's injury is concrete: the information it requested has already been withheld, and AFPI has exhausted its administrative remedies. Thus, the Commonwealth's actions are the direct and proximate cause of AFPI's informational injury, in violation of 52 U.S.C. § 20507(i)(1).

Second, AFPI has protectable interests stemming from its work to ensure fair and transparent elections. AFPI has a distinct civic interest in the effects of NVRA disclosure on its core mission. Courts have long recognized the rights of intervening organizations in voting-rights cases where the movant demonstrates how the court's disposition could harm

---

[3] *See generally Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36 (1st Cir. 2024); *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331 (4th Cir. 2012); *Pub. Int. Legal Found., Inc. v. Matthews*, 589 F. Supp. 3d 932 (C.D. Ill. 2022); *Pub. Int. Legal Found., Inc. v. Dahlstrom*, 673 F. Supp. 3d 1004 (D. Alaska 2023); *Judicial Watch, Inc. v. Griswold*, 554 F. Supp. 3d 1091 (D. Colo. 2021); *Voter Reference Found., LLC v. Torrez*, 727 F. Supp. 3d 1014 (D.N.M. 2024); *Greater Birmingham Ministries v. Sec'y of State for Ala.*, 105 F.4th 1324 (11th Cir. 2024) (each recognizing informational injury or disclosure obligations under the NVRA's public-inspection provision).

its mission and activities.[4] As AFPI has repeatedly explained to the

Commonwealth:

> AFPI's Pennsylvania State Chapter is a Domestic Nonprofit Corporation. AFPI exists to advance policies that put the American people first. . . . AFPI seeks to determine whether Pennsylvania is administering its elections in a free, fair, and lawful manner . . . [and] respectfully requests [information and records] to protect the integrity of the electoral process, ensure that accurate and current voter registration rolls are maintained, and identify jurisdictions failing to follow National Voter Registration Act of 1993 protocols so that AFPI-Pennsylvania may notify election officials of any potential violations and make recommendations for remedial action or litigation.
>
> *See* Ex. 1 to the Declaration of Mary Stiffler, at 2; ECF No. 60-1.

AFPI therefore has an interest in protecting its statutory entitlement to

voter-roll maintenance records under the NVRA to further its research

and advocacy activities. Public-interest organizations like AFPI have

repeatedly improved the integrity of elections through NVRA litigation—

for example, by bringing state voter rolls into compliance with the

NVRA's list-maintenance requirements, *see Judicial Watch, Inc. v. King*,

---

[4] *See, e.g., Schulz v. Williams*, 44 F.3d 48, 52–53 (2d Cir. 1994); *La Unión del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022); *Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 266 F. Supp. 3d 297 (D.D.C. 2017) (recognizing organizational standing where the challenged conduct impaired the organization's ability to educate the public and required it to expend resources to obtain information).

993 F. Supp. 2d 919 (S.D. Ind. 2012), and by overturning state-law bars on the publication of voter-registration information, *see Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36 (1st Cir. 2024). Those successes were possible only because such organizations could obtain public voter-roll maintenance information under the NVRA. AFPI thus has a significant protectable interest in the continued, federally required public disclosure of records described in 52 U.S.C. § 20507(i)(1).

### C. AFPI's Interests Could Be Significantly Impaired by the Disposition of This Matter.

If the Commonwealth prevails and successfully withholds voter-list maintenance records, AFPI will suffer significant harm. The analysis of harm to a significantly protectable interest is "intertwined" with the determination of impairment of that interest. *United States v. Territory of the V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris*, 820 F.2d at 596). As explained above, AFPI has a significant interest in protecting its statutory right to voter-list maintenance information and in using that information to improve the management and integrity of elections. That interest will be harmed if this Court affirms the ruling below permitting Defendants' refusal to disclose information required by 52 U.S.C. §

20507(i)(1), even to the Attorney General of the United States, whose job it is to enforce the NVRA, *see* 52 U.S.C. § 20510(a).

### D. AFPI's Interests Are Not Adequately Represented by the Existing Parties.

AFPI's burden to show inadequate representation is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). The burden is satisfied where the intervenor's interests, though similar to those of an existing party, are "sufficiently different" that the representative cannot give them proper attention. *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). Although a governmental party is often presumed to represent the public interest adequately, that presumption is rebutted where the intervenor's interests are more specific or personal and are not fully aligned with the government's broader objectives. *See Kleissler*, 157 F.3d at 972. Here, both existing principal parties are government entities with conflicting views of the "public interest," and neither can fully represent AFPI's parochial, mission-specific interest. *Id.* ("When [the government's] views are necessarily colored by its view of the public welfare rather than the

14

more parochial views of a proposed intervenor whose interest is personal to it, the burden . . . is comparatively light.").

AFPI's interests are not represented by the Commonwealth, who withheld the very records AFPI seeks. Nor does the United States adequately represent AFPI. While AFPI's interest in disclosure generally aligns with the Department of Justice's, AFPI—unlike the Department—is interested in the full *public* disclosure of the information, which is crucial to its core research and advocacy activities. The relief the United States has sought below does not vindicate that distinct interest.

The United States requested five forms of relief in the district court, *see* Compl. of the United States, at 15-16, ECF No. 1, none of which, if granted, would vindicate AFPI's statutory right to information or its interest in public disclosure. First, the United States sought a declaration regarding Secretary's refusal to provide the statewide voter-registration list "with all fields," including each registrant's full name, date of birth, residential address, and driver's license number or the last four digits of the registrant's Social Security number, under Title III of the Civil Rights Act, 52 U.S.C. § 20703. *Id.* at 15. AFPI has never sought, *compare*, Brief in Support Motion to Intervene as Plaintiff, at 14, ECF No. 60—and is

15

not entitled to demand—personally identifying information as sensitive as Social Security or driver's license numbers. AFPI instead seeks records of the actual maintenance processes for Pennsylvania's voter rolls. *Id.* Because AFPI seeks different relief, its interests are not adequately represented by the sole plaintiff. *See Spang*, 957 F.2d at 1123.

Second, the United States sought a declaration that the Secretary failed to make available "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," in violation of 52 U.S.C. § 20507(i)(1). *See* Compl. of the United States, at 16 ECF No. 1. Although AFPI asserts substantially the same entitlement to records, *compare*, Brief in Support Motion to Intervene as Plaintiff, at 14-15, ECF No. 60, the Department's requested relief runs only to the United States and does not redress AFPI's distinct informational injury.

Third, the United States sought a declaration that any state law barring production of the statewide voter-registration list is preempted, *see* Compl. of the United States, at 16, ECF No. 1.; because AFPI seeks different records, *compare*, Brief in Support Motion to Intervene as

Plaintiff, at 15, ECF No. 60—apart from the list itself—that relief does not fully address the preemption issues affecting AFPI's request.

The fifth form of relief requested by the United States asked the court to order production of the statewide voter-registration list to the United States, *see* Compl. of the United States, at 16, ECF No. 1.; that relief is of no avail to AFPI's protectable interest in *public* disclosure of list-maintenance records. Because AFPI seeks different relief on claims arising under a common question of law, its interests are not adequately represented by the existing parties.

Accordingly, because neither the Appellees nor the United States adequately represents AFPI's significantly protectable interests— including its statutory right to information under the NVRA—AFPI is entitled to intervene as of right under the standards of Rule 24(a).

## II.    ALTERNATIVELY, PERMISSIVE INTERVENTION IS APPROPRIATE.

Should the Court conclude that AFPI is not entitled to intervene as of right, it should permit AFPI to intervene under the standards of Rule 24(b)(1). Permissive intervention requires only that (1) the motion be timely; (2) the movant have a claim or defense sharing a common question of law or fact with the main action; and (3) the court consider

17

whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). The "denial of intervention as of right does not automatically mandate a denial of permissive intervention." *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982).

### A. AFPI's Motion Is Timely.

The timeliness of AFPI's permissive motion is governed by the same inquiry as its motion as of right. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982). As explained above, *supra*, at 8-9, AFPI brings this motion at an early stage of the appeal and promptly after its claims ripened. The motion is therefore timely under Rule 24(b)(1).

### B. AFPI Shares with the Main Action a Common Question of Law or Fact.

AFPI's claim shares a common question of law under 52 U.S.C. § 20507(i)(1). AFPI was denied access to records after specifically requesting:

> All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the NVRA of 1993 . . . and the Help America Vote Act (HAVA) of 2002 . . . . [including] all records "concerning the implementation of

programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" by the Commonwealth of Pennsylvania.

*See* Ex. 2 to the Declaration of Mary Stiffler, at 2. AFPI expressly made its request "under federal law, pursuant to the records inspection provisions of the NVRA, 52 U.S.C. [§] 20507(i)(1)." *Id.* at 3. The United States likewise sought a declaration that the Secretary failed to make available "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," in violation of § 20507(i)(1). Because AFPI and the United States seek relief under the same statute, AFPI shares the common question of law whether the Commonwealth is required to make those records available. Intervention is warranted.

### C. Intervention Will Not Unduly Delay or Prejudice the Original Parties.

AFPI's intervention will not delay or prejudice the original parties. As set forth above, *supra*, at 8-9, the appeal remains at an early stage, briefing has not concluded, and no argument date is set. Because AFPI moves to intervene before briefing is complete, its request is timely and causes no prejudice. Permissive intervention is therefore appropriate.

19

## CONCLUSION

For the foregoing reasons, AFPI respectfully requests that this Court grant its motion to intervene in this appeal and award any other appropriate relief.

Respectfully submitted,

*/s/ Walter S. Zimolong, III*
WALTER S. ZIMOLONG, III
ZIMOLONG LLC
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
wally@zimolonglaw.com

*Counsel for Proposed Intervenor*

Dated: July 21, 2026

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Rule 32(f), it contains 3340 words.

2. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century.

3. This motion complies with the electronic-filing requirements of Third Circuit Local Appellate Rule 31.1(c): the text of the electronic version is identical to the text of any paper copies; and the file was scanned for viruses using Apple antivirus softward and found to be virus-free.

*/s/ Walter S. Zimolong, III*
WALTER S. ZIMOLONG, III

*Counsel for Proposed Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026 I electronically filed the foregoing motion with the Clerk of the United States Court of Appeals for the Third Circuit using the CM/ECF system, which will serve notice of this filing on all counsel of record.

/s/ Walter S. Zimolong, III
WALTER S. ZIMOLONG, III

*Counsel for Proposed Intervenor*