No. 26-2684

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA

*Plaintiff-Appellant,*

v.

AL SCHMIDT, in his official capacity as
Secretary of the Commonwealth of Pennsylvania,

*Defendant-Appellee,*

U.S. District Court W.D. Pa. No. 2:25-cv-1481

# SECRETARY SCHMIDT'S RESPONSE IN OPPOSITION
# TO MOTION TO INTERVENE OF AMERICA FIRST
# POLICY INSTITUTE — PENNSYLVANIA

CAROLYN A. DELAURENTIS
Chief Counsel
KATHLEEN A. MULLEN
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120-0500

July 31, 2026

JENNIFER SELBER
General Counsel
MICHAEL J. FISCHER
Executive Deputy General Counsel
AIMEE D. THOMSON
Deputy General Counsel
Office of General Counsel
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

*Counsel for Secretary Al Schmidt*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................... 1

ARGUMENT ....................................................................................... 3

I.    AFPI may not enlarge the issues on appeal. ............................... 4

II.   AFPI lacks standing. ................................................................... 5

    A.    AFPI and the United States request different relief. .......................................................................... 6

    B.    AFPI does not have standing for its requested relief. .......................................................................... 7

        1.    AFPI did not comply with pre-suit requirements ............................................................... 7

        2.    AFPI does not adequately allege informational injury ................................................... 10

III.  AFPI does not meet the requirements for intervention of right. ..................................................................................... 12

    A.    AFPI has not demonstrated sufficient interest in the underlying litigation. ...................................... 13

    B.    There is no risk that AFPI's interests will be impaired or impeded. ......................................... 16

    C.    There is no risk that the United States will not adequately represent AFPI's interest. ................................ 17

IV.   Permissive intervention is not appropriate. ................................. 18

    A.    There is no common question of law or fact. ....................... 18

    B.    Intervention will unduly delay or prejudice the adjudication of the rights of the original parties. ................. 19

    C.    AFPI should not be permitted to avoid the procedures required by the NVRA and Pennsylvania's Right to Know Law. ..................................... 19

V.    AFPI can have no interest in the United States' only claim on appeal.......................................................................21

CONCLUSION ................................................................................24

# TABLE OF AUTHORITIES

## Cases

*Alabama v. United States*, 304 F.2d 583 (5th Cir. 1962)........................23

*Ass'n of Comm. Orgs. For Reform Now v. Miller*,
129 F.3d 833 (6th Cir. 1997)....................................................8

*Bellitto v. Snipes*, 221 F. Supp. 3d 1354 (S.D. Fla. 2016).....................8, 9

*Broyles v. Texas*, 618 F. Supp. 2d 661 (S.D. Tex. 2009)...........................8

*Ga. State Conf. of N.A.A.C.P. v. Kemp*,
841 F. Supp. 2d 1320 (N.D. Ga. 2012)................................................8

*George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226
(3d Cir. 2024) ....................................................................10

*Gonzaga University v. Doe*, 536 U.S. 273 (2002) .................................22

*Harris v. Pernsley*, 820 F.2d 592 (3rd Cir. 1987) ............................13, 15

*Health and Hosp. Corp. of Marion Cnty. v. Talevski*,
599 U.S. 166 (2023)................................................................22

*Hutchinson v. Pfeil*, 211 F.3d 515 (10th Cir. 2000)  ..............................3

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964
(3rd Cir. 1998)...............................................................13, 16

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216
(3rd Cir. 2005)............................................................ 13, 15, 16

*McKay v. Heyison*, 614 F.2d 899 (3rd Cir. 1980) ..................................18

*Mountain Top Condo. Ass'n v. Dave Stabbert Master
Builder, Inc.*, 72 F.3d 361 (3rd Cir. 1995) ..................................13, 17

*Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d 449
(M.D. Pa. 2019) .............................................................8, 9, 10

iii

*Pub. Int. Legal Found. v. Sec'y Commw. of Pa.*,
136 F.4th 456 (3d Cir. 2025).........................................................11, 12

*Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014) ..................................8, 9

*Smith v. DeBoyer*, No. 2:22-cv-11572,
2022 WL 16641857 (E.D. Mich. Oct. 12, 2022) ...............................22

*Sw. Pa. Growth All. v. Browner*, 121 F.3d 106
(3d Cir. 1997) ...............................................................................4, 16

*Thompson v. Nev. Sec'y of State*, No. 2:25-cv-01284,
2026 WL 84538 (D. Nev. Jan. 12, 2026).............................................22

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
581 U.S. 433 (2017)........................................................................5, 8

*True the Vote v. Hosemann*, 43 F. Supp. 3d 693
(S.D. Miss. 2014) .........................................................................8, 22

*United States v. Ahmad*, 499 F.2d 851 (3d Cir. 1974) ...........................3

*United States v. Oregon*, 828 F. Supp. 3d 1092
(D. Or. Feb. 5, 2026)..........................................................................23

*United States v. Weber*, 816 F. Supp. 3d 1168
(C.D. Cal. 2026).................................................................................23

*Vinson v. Washington Gas Light Co.*, 321 U.S. 489 (1944)
......................................................................................................4

*Voice of the Experienced v. Ardoin*, No. 23-331,
2024 WL 2142991 (M.D. La. May 13, 2024)........................................9

**Statutes**

42 U.S.C. § 1983 .......................................................................................21

52 U.S.C. § 20507(i)(1) ...............................................................................6

52 U.S.C. § 20510(a)...................................................................................8

52 U.S.C. § 20510(b) ............................................................... 7, 10

52 U.S.C. § 20701 ....................................................................21

52 U.S.C. § 20703 ....................................................................21

52 U.S.C. § 20704 ....................................................................21

52 U.S.C. § 20705 ....................................................................21

**Rules**

Fed. R. Civ. P. 24(a)(2) ...........................................................12

Fed. R. Civ. P. 24(b)(2) ...........................................................18

Fed. R. Civ. P. 24(b)(3) ...........................................................18

**Legislative History**

H.R. Rep. No. 86-956 (1959), *reprinted in*
    1960 U.S.C.C.A.N. 1925..............................................22, 23

**INTRODUCTION**

The issue on appeal is straightforward. The United States sought "all fields" of the Commonwealth's computerized statewide voter registration list, including registrants' state driver's license numbers and the last four digits of their Social Security numbers ("DLNs" and "SSN4s" respectively). Ex. A, U.S. Compl. ¶ 39. Secretary Schmidt offered the public voter file, which does not include DLNs or SSN4s. Ex. A ¶ 43. The United States sued in District Court for the non-public list under three different statutes: Title III of the Civil Rights Act of 1960 (CRA), Section 8 of the National Voter Registration Act (NVRA), and Section 303 the Help America Vote Act (HAVA). Ex. A ¶¶ 46-62. The District Court dismissed all three claims, Ex. B, Mem. and Order 4-5, and the United States appeals only as to the CRA. Summ. of the Case 1, Dkt. No. 27.

America First Policy Institute – Pennsylvania ("AFPI") moved to intervene below, but the District Court denied the motion as moot when it dismissed the case. Ex. B at 5. AFPI's complaint-in-intervention was wholly separate from and much broader than the United States' case. Although both AFPI and the United States sought records pursuant to Section 8(i)(1) of the NVRA, there was no overlap in the documents

1

requested; indeed, AFPI explicitly disclaimed any effort to seek DLNs or SSN4s and admitted that the United States' requested relief would not help vindicate its own interests. Ex. C, AFPI Br. ISO Mot. for Intervention 13-14. AFPI admits the same on appeal, AFPI Mot. to Intervene ("AFPI Mot.") 15-17, Dkt. No. 23-1. Moreover, AFPI has not asserted a claim under the CRA—the only issue on appeal—nor could it, as the CRA neither provides for the disclosure of records to the public nor contains a private right of action. *See* 52 U.S.C. §§ 20703-20705. Accordingly, there is no basis to grant intervention.

## ARGUMENT

As threshold matters, AFPI seeks to enlarge the issues before this Court, and to require additional relief despite not having standing to do so.[1] Beyond that, AFPI is not entitled to intervention of right because it failed to establish that it meets three of the four factors required by this Circuit. In particular, because AFPI brings a wholly separate and much broader case, it does not have a sufficient interest in the underlying litigation and there is no threat that its interest will be impaired or affected by the disposition of the underlying action.

---

[1] AFPI failed to file a notice of appeal of the denial of its intervention motion, and instead tries to avoid the consequences of that failure by seeking to intervene on appeal. While this Court did invite AFPI to file an intervention motion, *see* Order, ECF No. 4 (July 7, 2026), it remains the case that a party "cannot circumvent the requirements for taking an appeal in his own right by a later petition for intervention in an effort to present contentions applicable only to him." *United States v. Ahmad*, 499 F.2d 851, 854 (3d Cir. 1974); *see also Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000) ("[T]he motion is, in effect, an attempt to obtain appellate review lost by her failure to timely appeal the denial of her motion to intervene in district court. Appellate intervention is not a means to escape the consequences of noncompliance with traditional rules of appellate jurisdiction and procedure.").

This Court should also deny permissive intervention, because there is no common question of law or fact, and including AFPI's different claim, relief, and standing issues will unduly delay proceedings. Moreover, AFPI's attempt to intervene is nothing more than a blatant end-run around the procedural requirements of the NVRA and an attempt to hedge its bets with pending litigation before Pennsylvania's Commonwealth Court.

Finally, even if AFPI were to reframe its legal claim or interest as being pursuant to the CRA, it would fail. Private parties are not entitled to records under the CRA, nor do they have an implied right of action to sue for such records. Accordingly, AFPI has no interest in how this Court interprets the CRA.

## I.    AFPI may not enlarge the issues on appeal.

"It is a general rule than an intervenor may argue only the issues raised by the principal parties and may not enlarge those issues." *Sw. Pa. Growth All. v. Browner*, 121 F.3d 106, 121 (3d Cir. 1997). *See also Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944) ("[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel

an alteration of the nature of the proceeding."). Thus, "a principal party must raise an issue in its brief before an intervenor may argue it." *Sw. Pa. Growth All.*, 121 F.3d at 121.

The United States appeals only its CRA claim. Summ. of the Case 1, Dkt. No. 27. Allowing AFPI to add its NVRA claim to this case would unnecessarily enlarge the issues before the Court, and indeed would add an entirely separate statutory interpretation argument. This Court should not enlarge the issues before it, particularly where the United States has exercised its right to narrow them.

## II. AFPI lacks standing.

Where there are multiple plaintiffs, "at least one plaintiff must have standing to seek each form of relief requested in the complaint." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). "The same principle applies to intervenors of right. . . . For all relief sought, there must be a litigant with standing." *Id.* "Thus, at the least, an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Id.*

**A. AFPI and the United States request different relief.**

AFPI seeks three specific forms of relief, all of which are different from that sought by the United States. First, AFPI requests a declaration that Defendants have violated the NVRA, 52 U.S.C. § 20507(i)(1), for wrongfully withholding records. Ex. D, AFPI Compl. in Intervention ¶ 1. The United States has not appealed the dismissal of its NVRA claim, so it seeks no such relief.

Second, AFPI requests that Defendants be required to produce "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." Ex. D ¶ 2. The United States' request is substantially narrower: that the Secretary of the Commonwealth be required to produce the computerized statewide voter registration list, with all fields, including each registrant's DLN or SSN4. Ex. A ¶ E. The Secretary has already stated the Department would provide all fields except those concerning DLN and SSN4. Ex. E, Sec'y Schmidt Letter to AAG Dhillon (Aug. 21, 2025). Yet, AFPI explicitly disclaims any interest in receiving these numbers—the only data at issue here. AFPI Mot. 15-16.

Third, AFPI requests Defendants be required to pay attorney's fees, including litigation expenses and costs. Ex. D ¶ 3. The United States has not requested monetary relief. Ex. A ¶¶ A-F.

Remarkably, AFPI admits that none of the United States' requested relief would, if granted, "vindicate AFPI's statutory right to information or its interest in public disclosure." AFPI Mot. 15. This alone is dispositive.

## B. AFPI does not have standing for its requested relief.

AFPI failed to comply with the NVRA's mandatory pre-suit notice requirements, so it does not have standing to bring its claim. It also has not established an informational injury, because it has not established any downstream consequences from the denial of records with a nexus to the interest Congress sought to protect in passing the NVRA.

### 1. AFPI did not comply with pre-suit requirements

Section 11(b) of the NVRA grants a private right of action. 52 U.S.C. § 20510(b). With exceptions not applicable here, the aggrieved party must provide written notice of the violation to the state's chief election official prior to filing a lawsuit. *Id.*

Providing notice is mandatory, and failure to provide notice is generally fatal to a plaintiff's standing.[2] *See, e.g., Scott v. Schedler*, 771 F.3d 831, 835 (5th Cir. 2014); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 715-17 (S.D. Miss. 2014); *Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d 449, 456 (M.D. Pa. 2019); *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1360-61 (S.D. Fla. 2016); *Ga. State Conf. of N.A.A.C.P. v. Kemp*, 841 F. Supp. 2d 1320, 1335 (N.D. Ga. 2012); *Broyles v. Texas*, 618 F. Supp. 2d 661, 692 (S.D. Tex. 2009).

---

[2] Some courts have not required pre-suit notice where it would be futile because a different plaintiff provided notice as to the same alleged violation and the state refused to remedy it. *See, e.g., Ass'n of Comm. Orgs. For Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997). That is not the case here, as (a) AFPI and the United States seek substantially different records, and (b) the United States is not required to provide pre-suit notice, 52 U.S.C. § 20510(a). In addition, although the Sixth Circuit has held that the NVRA's notice requirement does not apply to intervenors, *id.*, the U.S. Supreme Court has subsequently made clear that intervenors must have standing for any separate claims of relief that they bring. *Town of Chester, N.Y.*, 581 U.S. at 439. Private parties have standing via the NVRA's private right of action, and accordingly they must comply with its requirements.

AFPI—seemingly under the belief that its records requests constituted notice, *see* Ex. C at 5; Ex. D ¶¶ 26-27—claims it sent "formal notice letters" to the Department of State. AFPI Mot. 4. It did not.[3]

Notice is sufficient when it "(1) sets forth the reasons that a defendant purportedly failed to comply with the NVRA, and (2) clearly communicates that a person is asserting a violation of the NVRA and intends to commence litigation if the violation is not timely addressed." *Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d at 457 (collecting cases). Notice must also be specific to the claim brought in the lawsuit. *See, e.g.*, *Scott*, 771 F.3d at 836; *Voice of the Experienced v. Ardoin*, No. 23-331, 2024 WL 2142991, at *33 (M.D. La. May 13, 2024); *Bellitto*, 268 F. Supp. 3d at 1334.

AFPI's records requests do not allege the claim it makes here: that the Secretary violated Section 8(i)(1) of the NVRA by denying it access to

---

[3] AFPI requested the documents at issue in two nearly-identical letters. Ex. F, AFPI Letter to Janelle Hawthorne (June 26, 2025); Ex. G, AFPI Letter to Janelle Hawthorne (Jan. 15, 2026). The Department denied the requests in part on August 4, 2025 and February 23, 2026, respectively. Ex. H, Hawthorne Letter to AFPI (Aug. 4, 2025); Ex. I, Hawthorne Letter to AFPI (Feb. 23, 2026). Both dates are more than 30 days in advance of the then-next upcoming election (the May 19, 2026 federal primary), and thus AFPI is required to have provided the Secretary with written notice of the alleged violation. 52 U.S.C. § 20510(b).

records. The first request clearly could not do so, as no denial had yet been issued. *See Bellitto*, 268 F. Supp. 3d at 1332, 1335. And regardless of whether the second request could have made such an allegation, it was a near-duplicate of the first request and did not provide any such notice. *See* Ex. E; Ex. F.

Moreover, notice must be provided to the "chief election official of the State involved." 52 U.S.C. § 20510(b)(1). AFPI's records requests were not addressed to the Secretary of the Commonwealth, and therefore do not meet the requirements for notice. *See Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d at 456-58.

### 2. AFPI does not adequately allege informational injury

AFPI attempts to allege an informational injury because "the information it requested has already been withheld." AFPI Mot. 11. But a plaintiff alleging informational injury must "show (1) the omission of information to which [it claims] entitlement, (2) adverse effects that flow from the omission, and (3) [a] nexus to the concrete interest Congress intended to protect by requiring disclosure of the information." *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 235 (3d Cir. 2024) (cleaned up). "That is, it is insufficient for Article III standing purposes for a plaintiff

asserting an informational injury from a violation of a statute that contains a public disclosure aspect as part of its overall scheme to allege only that he has been denied information. Rather, he must establish a nexus among a downstream consequence, his alleged harm, and the interest Congress sought to protect." *Pub. Int. Legal Found. v. Sec'y Commw. of Pa.*, 136 F.4th 456, 465 (3d Cir. 2025) (hereinafter "*PILF*").

AFPI has failed to establish the required nexus to the NVRA's purpose. It claims a need "to protect the integrity of the electoral process, ensure that accurate and current voter registration rolls are maintained, and identify jurisdictions failing to follow [NVRA] protocols so that [AFPI] may notify election officials of any potential violations and make recommendations for remedial action or litigation." AFPI Mot. 12. But these goals do not advance "the expansion of voter registration and participation in federal elections," nor do they explain how AFPI has been "hindered [in] its own participation in the electoral system or the expansion of voter participation[.]" *PILF*, 136 F.4th at 467. Moreover, private organizations are not "empowered to enforce any and all violations of a statute without regard to their personal stake in the matter," so AFPI cannot sue to enforce provisions of the NVRA "in the

11

absence of proof that it maintains a personal and constitutionally significant stake in the matter." *Id.*[4]

AFPI also claims "an interest in . . . further[ing] its research and advocacy activities." AFPI Mot. 12. But "research and advocacy efforts" are not a purpose of the NVRA, and even if they were, nothing in the record provides any evidence that AFPI has been unable to engage in such efforts or that it has specific, frustrated plans to do so. *See PILF*, 136 F.4th at 468 (rejecting the creation of "educational materials" as a goal of the NVRA, and noting a lack of relevant evidence).

## III. AFPI does not meet the requirements for intervention of right.

The Federal Rules of Civil Procedure require that an intervenor "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

---

[4] It is curious that AFPI cited a string of cases outside this Circuit to support its position that it has suffered injury (including other cases in which PILF was a plaintiff), but failed to cite this recent, on-point, and binding precedent. *See* AFPI Mot. 10-11, n.3.

Courts in the Third Circuit analyze whether a potential intervenor of right has met four requisite factors:

> 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3rd Cir. 2005) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3rd Cir. 1998)). The party seeking intervention has the burden of proving that each of the four factors are met. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3rd Cir. 1995).[5]

### A.   AFPI has not demonstrated sufficient interest in the underlying litigation.

AFPI's alleged interest does not "relat[e] to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Accordingly, AFPI does not have "a sufficient interest in the underlying litigation," *Liberty Mut. Ins. Co.*, 419 F.3d at 220, that is "'direct,' as opposed to contingent or remote." *Harris v. Pernsley*, 820 F.2d 592, 596 (3rd Cir. 1987).

---

[5] The Secretary does not dispute timeliness.

The subject of this action is the Secretary's refusal to provide to the United States certain sensitive personally identifying information. AFPI is not a party to the United States' request and does not seek the personally identifying information. AFPI Mot. 15-16. Nor has AFPI indicated that it will benefit in some way from the United States receiving the information. For example, it has not alleged that it expects the United States to use the requested information in some way that would directly benefit AFPI. In short, AFPI has not alleged any particularized interest in whether the United States obtains Pennsylvania residents' DLNs and SSN4s. Instead, AFPI's interest is in seeking an entirely different set of documents. AFPI Mot. 10, 16. Accordingly, AFPI has no interest in the "property or transaction" at issue here.

AFPI also claims interests in "the effects of NVRA disclosure on its core mission," in "protecting the statutory entitlement to voter roll maintenance records under the NVRA to further its research and advocacy activities," and in "the continued . . . public disclosure of records described in 52 U.S.C. § 20507(i)(1)." AFPI Mot. 11-13. In other words, AFPI alleges that Section 8 of the NVRA could be interpreted in a way

that would harm its ability to obtain unrelated records. But this Court will not be interpreting Section 8 at all, because the United States did not appeal the dismissal of its NVRA claim. With only an interest in the NVRA, and none asserted as to the CRA, AFPI has no interest in the litigation.

Furthermore, even if the United States had appealed its NVRA claim, AFPI's described interests are of a "general and indefinite character," *Harris*, 820 F.2d at 601, which are common to any organization seeking records under the NVRA. If such general interests were sufficient, intervention of right would be drastically broader and permissive intervention would be rendered a nullity. Instead, this Circuit has recognized that "[i]n many cases, . . . the disposition of [a]n action will have some impact on the interest of third parties," but this "incidental" effect is insufficient for intervention. *Id.*; *see also Liberty Mut. Ins. Co.*, 419 F.3d at 220 ("[T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."). Instead, an intervenor must demonstrate "a tangible threat to a legally cognizable interest." *Harris*, 820 F.2d at 601. AFPI has not met that standard.

15

In short, "[d]ue regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Kleissler*, 157 F.3d at 972. AFPI has entirely failed to meet this standard.

**B.    There is no risk that AFPI's interests will be impaired or impeded.**

Disposing of the United States' case will not "as a practical matter impair or impede [AFPI's] ability to protect its interest." *Liberty Mut. Ins. Co.*, 419 F.3d at 220. First, AFPI's interest is solely in the interpretation of Section 8(i)(1) of the NVRA, which is not before this Court. Second, the United States' record request is substantially narrower than AFPI's and has no overlap in terms of the documents requested. AFPI's asserted interests could therefore only be affected if this Court issued a ruling on a claim not before it, and if that ruling were so unnecessarily broad as to encompass not only whether personally identifying information is required to be provided to the United States, but also whether all records relating to the removal of individuals from the voter registration rolls based on certain criteria are required to be provided to the public. Ex. F

at 2; Ex. G at 2. AFPI has failed to meet its burden of proving that its interests are at risk. *Mountain Top Condo. Ass'n*, 72 F.3d at 366.

**C.   There is no risk that the United States will not adequately represent AFPI's interest.**

AFPI claims a specific interest in obtaining certain records, as well as a general interest in a broad interpretation of NVRA Section 8(i)(1). Because the United States seeks different records and no longer seeks them under the NVRA, the United States is unable to represent AFPI's interests. But rather than being a reason that AFPI must be allowed to intervene, this is a reason that AFPI should not be allowed to intervene. AFPI cannot seek to graft an entirely different case onto this one, *see Sw. Pa. Growth All. v. Browner*, 121 F.3d 106, 121 (3d Cir. 1997), and then use the very fact that its requested relief is wholly different as a justification to participate in a case that is not its own.

\* \* \*

AFPI seeks different records and forms of relief than the United States, and it does so under a different statute. Neither Article III nor the Federal Rules of Civil Procedure grant such a wholly uninterested party the right to intervene.

17

## IV. Permissive intervention is not appropriate.

Permissive intervention is left to the discretion of the court, provided that the application is timely and that the "applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2); *McKay v. Heyison*, 614 F.2d 899, 906 (3rd Cir. 1980). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

### A. There is no common question of law or fact.

AFPI's claimed common question of law—whether the Commonwealth is required to make available "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," AFPI Mot. 18-19—simply restates NVRA Section 8(i)(1) and asks whether the Secretary of the Commonwealth is required to comply with it. There is no dispute that Pennsylvania, and by extension the Secretary, are subject to the NVRA. But again, the only thing the United States seeks that the Secretary has not already offered to provide is registrants'

18

DLNs and SSN4s, and the United States only seeks that information pursuant to the CRA. AFPI's question is not before this Court.

## B. Intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

AFPI brings a wholly different case from the United States. The requested records are different, the requested relief is different, and the scope of legal arguments is wildly different. The United States has brought a narrow case—made even narrower on appeal—which AFPI improperly attempts to expand with the addition of an NVRA claim and its attendant statutory interpretation question, as well as additional relief sought, standing deficiencies, and questions of whether three other laws prohibit disclosure of some of the documents that AFPI seeks. *See* Ex. H at 3 (denying AFPI's records request in part due to Pennsylvania's Vital Statistics Law, the Driver's Privacy Protection Act, and the Privacy Act of 1974). All of these additional facts and legal arguments will add substantial complexity and time to the case.

## C. AFPI should not be permitted to avoid the procedures required by the NVRA and Pennsylvania's Right to Know Law.

AFPI attempts to use this case to access records while avoiding the NVRA's required pre-suit notice. *See supra* at 7-9. AFPI also "seeks to

enforce [in this Court] its statutory entitlement" to the records that it sought in its record requests (made pursuant to Pennsylvania's Right to Know Law), and which the Department of State denied. AFPI Mot. 19. But AFPI does not mention that it has appealed the denial, first to Pennsylvania's Office of Open Records and then in two separate petitions to Pennsylvania's Commonwealth Court, both of which are currently pending. *See* Ex. A (request 1 seeking NVRA records); Ex. J, Office of Open Records Final Determination (Apr. 16, 2026); Ex. K, Office of Open Records Final Determination Upon Reconsideration (June 25, 2026); Ex. L, AFPI Pet. for Review, *AFPI–Pennsylvania v. Cmwlth. of Pa.*, Case No. 656 CD 2026 (Pa. Cmwlth. May 15, 2026); Ex. M, Letter from Commonwealth Court, *AFPI–Pennsylvania v. Cmwlth. of Pa.*, Case No. 656 CD 2026 (June 26, 2026) (showing that AFPI's merits brief is due August 5, 2026); Ex. N, AFPI Pet. for Review, *AFPI–Pennsylvania v. Cmwlth. of Pa.*, Case No. 1057 CD 2026 (July 24, 2025).

AFPI seeks to commandeer an existing case for its own benefit, in an apparent attempt to avoid the pre-suit notice procedure set forth by Congress and to have another bite at the apple should its state court

appeals be unsuccessful. AFPI should not be permitted to further waste this Court's and the parties' time.

## V.    AFPI can have no interest in the United States' only claim on appeal.

The CRA requires officers of elections to "retain and preserve, for a period of twenty-two months from the date of any [Federal election], all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election." 52 U.S.C. § 20701. AFPI requested records related to "removing individuals who are disqualified from voting in federal elections" based upon certain criteria. Ex. F at 2; Ex. G at 2. It is unclear how any responsive records would also be governed by the CRA. Even if they were, however, that Act grants only the United States Attorney General an express right to demand such records, or to bring suit to compel production. 52 U.S.C. §§ 20703, 20705. It also forbids the Attorney General from sharing the records except in limited circumstances. 52 U.S.C. § 20704.

Without an express private right of action, AFPI could only seek records under the Act if there were an implied right of action under 42 U.S.C. § 1983. But that requires the statute in question to be "'phrased

21

in terms of the persons benefited' and contain[] 'rights-creating,' individual-centric language with an 'unmistakable focus on the benefited class.'" *Health and Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 183 (2023) (citing *Gonzaga University v. Doe*, 536 U.S. 273, 284 (2002)). The CRA does not recognize that a private party might want to view the records or papers, nor does it give them any right to do so, let alone a right to ensure that the records or papers are being properly preserved. *Cf. True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 734 (S.D. Miss. 2014) (holding that allowing disclosure under Section 8 of the NVRA would "[fly] in the face" of the Attorney General's authorization).

This is consistent with Congress' purpose in providing the Attorney General with pre-suit access to the voting records he needed to more effectively bring certain lawsuits. H.R. Rep. No. 86-956 (1959), *reprinted in* 1960 U.S.C.C.A.N. 1925, 1944-45. Accordingly, courts across the country have found there is no private right of action to enforce this records provision. *See, e.g.*, *Thompson v. Nev. Sec'y of State*, No. 2:25-cv-01284, 2026 WL 84538, at *1 (D. Nev. Jan. 12, 2026) (collecting cases); *Smith v. DeBoyer*, No. 2:22-cv-11572, 2022 WL 16641857, at *3-4 (E.D. Mich. Oct. 12, 2022) (collecting cases).

22

Furthermore, even if there were a private right of action, the requisite nexus does not exist here. Congress passed the CRA "primarily to provide more effective means to enforce the civil rights of persons within the jurisdiction of the United States." H.R. Rep. No. 86-956 (1959), *reprinted in* 1960 U.S.C.C.A.N. 1925, 1939. Although "some progress ha[d] been made" toward eliminating racial discrimination, "the problem [was] far from being solved," due in part to "interference with the fundamental American right to vote." *Id.* at 1941. *See also, e.g., Alabama v. United States*, 304 F.2d 583, 591 (5th Cir. 1962); *United States v. Oregon*, 828 F. Supp. 3d 1092, 1097 (D. Or. Feb. 5, 2026); *United States v. Weber*, 816 F. Supp. 3d 1168, 1175 (C.D. Cal. 2026).

AFPI's purpose of ensuring that "accurate and current voter registration rolls are maintained" and "identifying jurisdictions failing to follow [NVRA] protocols," AFPI Mot. 12, does not share a nexus with this Congressional interest in ensuring that Americans are not disenfranchised by racial discrimination. Accordingly, AFPI has no statutory right to seek records under the CRA, nor would it suffer an informational injury if it were denied records under that Act.

Without any ability to seek records under the CRA or to bring a lawful claim for denial of records under that Act, AFPI has no interest in how that Act is interpreted and no interest in the case currently before this Court.

## CONCLUSION

For the reasons described above, the Court should deny AFPI's motion for intervention.

July 31, 2026

Respectfully submitted,

CAROLYN A. DeLAURENTIS
Chief Counsel
KATHLEEN A. MULLEN
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120-0500

JENNIFER SELBER
General Counsel

*/s/ Michael J. Fischer*
MICHAEL J. FISCHER
Executive Deputy General Counsel
AIMEE D. THOMSON
Deputy General Counsel
Office of General Counsel
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

*Counsel for Secretary Al Schmidt*

24

## CERTIFICATES

I, Michael J. Fischer, certify that:

1.    I am a member of the bar of this Court in good standing;

2.    Virus detection software was run on this file and no virus was detected;

3.    This response contains 4830 words and therefore complies with Federal Rule of Appellate Procedure 27(d)(2)(A). In making this certificate, I have relied on the word count of the word-processing system used to prepare the brief.

July 31, 2026                         /s/ *Michael J. Fischer*

## CERTIFICATE OF SERVICE

I, Michael J. Fischer, hereby certify that a copy of this response has been served on all counsel of record using the Court's CM/ECF system.

July 31, 2026          /s/ *Michael J. Fischer*