No. 26-2684

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellant

v.

SECRETARY OF STATE FOR THE COMMONWEALTH OF PENNSYLVANIA,
Defendant-Appellee

PENNSYLVANIA ALLIANCE FOR RETIRED AMERICANS, NICHOLAS MASTON, GREGORY PERRY, TODD THATCHER, JOEL DICKSON, TRISHA KENT, LIOR STERNFELD, JOHN THOMPSON, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, COMMON CAUSE, MIKE CROSSEY,
Intervenors Defendants-Appellees

NATIONAL ASS'N FOR THE ADVANCEMENT OF COLORED PEOPLE, PENNSYLVANIA STATE CONFERENCE OF THE NAACP, STACEY TAYLOR,
Intervenors-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOINT APPENDIX
(VOLUME I OF II) (pp. 1-9)

*(See inside cover for continuation of counsel)*

*(continuation of counsel)*

MICHAEL J. FISCHER
KATHLEEN A. MULLEN
AIMEE D. THOMSON
Pennsylvania Office of General Counsel
30 N 3rd Street, 17th Floor, Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov
*Counsel for Secretary of the Commonwealth Al Schmidt*

TIMOTHY J. FORD
DILWORTH PAXSON
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7017
tford@dilworthlaw.com
*Counsel for Pennsylvania Alliance for Retired Americans and Mike Crossey*

BRANDEN D. LEWISTON
UZOMA N. NKWONTA
TORI A. SHAW
JACOB D. SHELLY
Elias Law Group
250 Massachusetts Avenue, NW
Suite 400
Washington, D.C. 20001
(202) 968-4674
blewiston@elias.law
*Counsel for Pennsylvania Alliance for Retired Americans and Mike Crossey*

HARMEET K. DHILLON
Assistant Attorney General

ERIC A. SELL
Deputy Assistant Attorney General

ANDREW G. BRANIFF
DAVID N. GOLDMAN
JOSHUA R. ZUCKERMAN
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
771-333-0027
Joshua.Zuckerman@usdoj.gov
*Counsel for the United States of America*

*(See next page for continuation of counsel)*

*(continuation of counsel)*

NOAH BOKAT-LINDELL
O'Melveny & Myers
1625 Eye Street, NW
Washington, D.C. 20006
(202) 383-5321
nbokat-lindell@omm.com
*Counsel for NAACP, NAACP Pennsylvania State Conference, and Stacey Taylor*

ROBERT N. WEINER
Lawyers Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, D.C. 20005
(202) 662-8600
rweiner@lawyerscommittee.org
*Counsel for NAACP, NAACP Pennsylvania State Conference, and Stacey Taylor*

BENJAMIN D. GEFFEN
SOPHIA LIN LAKIN
THERESA J. LEE
OLIVIA MANIA
ARI J. SAVITZKY
KATE STEIKER-GINZBERG
Public Interest Law Center
1617 John F. Kennedy Boulevard
Suite 1650
Philadelphia, PA 19103
(267) 546-1308
bgeffen@pubintlaw.org
*Counsel for Common Cause, Nicholas Maston, Gregory Perry, Todd Thatcher, Joel Dickson, Trisha Kent, and Lior Sternfeld*

# TABLE OF CONTENTS

## VOLUME I OF II

**DOCUMENT TITLE:** **PAGE**

Memorandum and Order, filed June 27, 2026 (Doc. 146) .......................1

Judgment Order, filed June 27, 2026 (Doc. 147) .......................................6

Notice of Appeal, filed July 6, 2026 (Doc. 148) .........................................7

## VOLUME II OF II

District Court Docket ....................................................................10

Complaint, filed September 25, 2025 (Doc. 1) ........................................41

Declaration of Anthony P. Ashton, filed October 7, 2025
(Doc. 17-1) .....................................................................59

Declaration of Stacey Taylor, filed October 7, 2025
(Doc. 17-2) .....................................................................63

Exhibit A – Declaration of Nicholas Maston, filed October 9, 2025
(Doc. 36-2) .....................................................................68

Exhibit B – Declaration of Gregory Perry, filed October 9, 2025
(Doc. 36-3) .....................................................................83

Exhibit C – Declaration of Todd Thatcher, filed October 9, 2025
(Doc. 36-4) .....................................................................87

**DOCUMENT TITLE:** **PAGE**

Exhibit D – Declaration of Joel Dickson, filed October 9, 2025 (Doc. 36-5) ........ 94

Exhibit E – Declaration of Trisha Kent, filed October 9, 2025 (Doc. 36-6) ........ 102

Exhibit F – Declaration of Lior Sternfeld, filed October 9, 2025 (Doc. 36-7) ........ 111

Exhibit G – Declaration of John Thompson, filed October 9, 2025 (Doc. 36-8) ........ 115

Exhibit H – Declaration of Amy Widestrom, filed October 9, 2025 (Doc. 36-9) ........ 118

Exhibit I – Declaration of Suzanne Almeida, filed October 9, 2025 (Doc. 36-10) ........ 122

Brief of Secretary of the Commonwealth Al Schmidt in Support of his Motion to Dismiss, filed December 16, 2025 (Doc. 92) ........ 127

Memorandum of Law of the United States in Opposition to Motions to Dismiss (Docs. 88-3, 90-2, 91-92), filed January 12, 2026 (Doc. 103) ........ 160

Exhibit 1 (Letter from the DOJ to Secretary Schmidt, dated June 23, 2025), filed January 12, 2026 (Doc. 103-1) ........ 193

Exhibit 2 (Letter from Secretary Schmidt to the DOJ, dated July 23, 2025), filed January 12, 2026 (Doc. 103-2) ........ 197

Exhibit 3 (Letter from the DOJ to Secretary Schmidt, dated August 4, 2025), filed January 12, 2026 (Doc. 103-3) ........ 209

**DOCUMENT TITLE:** **PAGE**

Exhibit 4 (Letter from Secretary Schmidt to the DOJ, dated August 18, 2025), filed January 12, 2026 (Doc. 103-4) ............... 213

Exhibit 5 (Letter from the DOJ to Secretary Schmidt, dated August 14, 2025), filed January 12, 2026 (Doc. 103-5) ............... 220

Exhibit 6 (Letter from Secretary Schmidt to the DOJ, dated August 21, 2025), filed January 12, 2026 (Doc. 103-6) ............... 224

Exhibit A – Confidential Memorandum of Understanding (Colorado), filed January 28, 2026 (Doc. 116-1) .......................... 228

Exhibit B – Hearing Re: Motion to Dismiss, *U.S. v. Weber*, No. 2:25-cv-9149 (C.D. Cal.) (Transcript Excerpts) held December 4, 2025, filed January 28, 2026 (Doc. 116-2) ........................................... 238

United States' Memorandum of Law in Support of Motion to Transfer Venue, filed January 29, 2026 (Doc. 121) .................... 272

Brief of Secretary of the Commonwealth Al Schmidt in Response to DOJ's Motion to Transfer Venue (Excerpts), filed February 12, 2026 (Doc. 131) ............................................. 281

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-01481-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| AL SCHMIDT, *in his official capacity as Secretary of the State of Pennsylvania, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

## I. MEMORANDUM

The government's lawsuit, seeking unfettered access to the Commonwealth voters' highly sensitive personal identifiers, will be dismissed.

Through much of contemporary history, bedrock principles of conservative political ideology have included beliefs that the federal government's powers should be limited, and exercised in a manner "closest and most accountable to the people." *See* THE HERITAGE FOUNDATION, "Defining the Principles of Conservatism." As the "godfather" of modern conservatism, Ronald Reagan, once said:

> I believe in states['] rights. I believe in people doing as much as they can for themselves at the community level and at the private level, and I believe we've distorted the balance of our government today by giving powers that were never intended in the Constitution to [the] federal establishment.[1]

[1] Presidential candidate Ronald Reagan, August 3, 1980, Neshoba County Fair, Neshoba County, Mississippi.

That was then, this is now. Through the present administration, the government seeks to compel the production of highly sensitive personal identifiers held within the Commonwealth's voter rolls. The Constitution's Elections Clause notwithstanding, the government claims that its incursion is required to confirm the state's compliance with federal election law. What, a reader rhetorically may ask, could possibly go wrong? *Cf. Electronic Privacy Information Center report*, dated Apr. 3, 2026 (reporting the resignation of "a key privacy officer" at DHS); THE RISE OF DIGITAL AUTHORITARIANISM (discussing the prevalence of hackers attacking voter rolls and conducting data breaches).

Its efforts have been rebuked by every court to consider them. There have been nine rejections by district courts, one in circuit court—and counting.[2] As for adverse rulings in the district courts, this will make ten.

The Court of Appeals for the Sixth Circuit, in U.S. v. Benson, makes a strong case—and its analyses are the ones adopted here. *Id.*, -- F.4th --, 2026 WL 1815425 (6th Cir. Jun. 24, 2026). As the Benson Court explained, "[s]tates do most of the heavy lifting in overseeing federal elections," and they are vested with "broad powers" because "state governments are best acquainted with the situation of the people." *Id.* at *1 (citation to quoted and other sources omitted, here and hereafter).

Congressional incursion has been circumspect. Historically, there have been compelling reasons. The Civil Rights Act, to combat *de jure* discrimination against black voters in the South. Benson at *2. The NVRA of 1993, colloquially known as the "Motor Voter Law," to "dramatically expand opportunities for voter registration and to ensure that, once registered, voters could not be removed from the registration rolls by a failure to vote or because they had

[2] The administration's demands have yielded one unexpected benefit, namely, bipartisan agreement. Five of the district judges are Trump appointees.

changed addresses." Democratic Nat'l Comm. v. Republican Nat'l Comm., 673 F.3d 192, 209 (3d Cir. 2012). The Help America Vote Act (HAVA), in response to the historically "tight" presidential election of 2000. Benson at *3. What hypothetical grounds are there, now, for *executive* incursion? The question goes to the heart of things.

The government all but concedes: its best legal argument lies, ironically, in the Civil Rights Act. Under it, the Attorney General may demand review of "any record or paper . . . retained and preserved" under the Act, so long as the demand "contain[s] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703. It is on this ground – a statute enacted to combat systemic racism against black citizens – the executive's fate lies.

Unredacted voter files are not "records," as the term is defined under Title III of the Act. Benson at *4-5. The files are subject to additions, subtraction and revisions. The NVRA and HAVA *require* them. In light of these realities, the government's reading does violence to Section 20702. That Section makes it a crime to "alter[]" or "destroy[]" the "records." *Id.* Tortured statutory construction tends to yield such a result.

Nor does the government's demand contain "a statement of the basis and purpose therefore." Benson at *8. (quoting Section 20703). Now is not the time to abandon one's penchant for "say[ing] the quiet parts out loud." *Cf. generally* In re 2025 UPMC Subpoena, 2025 WL 3724705, *2 (W.D. Pa. Dec. 24, 2025).

The quiet parts do not help. Public statements from government officials reveal its intentions: to create a nationwide voter-database, for potential weaponization in future elections; as a "fishing expedition," hoped to advance unsubstantiated claims of non-citizen voting; and as a tool for immigration enforcement. *See* Doc. 92 at 5-7 & Doc. 116 at 6-13 (citing numerous sources); U.S. v. Oregon, 2026 WL 318402, *11 (D. Or. Feb. 5, 2026) ("it appears that DOJ is on a nationwide quest to gather the sensitive, private information of millions of Americans for

use in a centralized federal database"; there are "numerous sources raising significant concerns about the true purpose of Plaintiff's . . . requests across the states"; there is reason to believe "that the data [is] in fact being aggregated in part for the purposes of immigration enforcement"; and Plaintiff's "assertions that the data [is] requested for NVRA or HAVA compliance [are] pretextual"); U.S. v. Galvin, 2026 WL 972129, *3 (D. Mass. Apr. 9, 2026) (characterizing the DOJ's request as a "fishing expedition").

Unlike race discrimination in the south (the CRA); recognized deficiencies in accessing the right of suffrage (NVRA); and to assuage contention in the face of a close election (HAVA) – concerns regarding widespread voting by non-citizens simply are not borne out by reality. *See* Fair Elections Center webpage: Voting By Noncitizens is a Non-Issue ("Extensive data shows that verified cases of noncitizen voting are vanishingly rare and statistically insignificant, with zero impact on any election outcomes.") *and* THE CENTER FOR ELECTION INNOVATION & RESEARCH webpage: (Updated) Review of Claims of Noncitizen Registrants and Voters ("Even when taken at face value, the largest [misleading] claims never identify numbers of possible noncitizen registrants or voters that amount to more than *a few tenths of one percent of the number of eligible voters in a state*.") (emphasis added).

For the reasons stated in the voluminous briefing here, the government has failed to demonstrate entitlement to Pennsylvania voters' personal identifiers under the NVRA or HAVA. The various Motions to Dismiss will be granted, and the dismissal is with prejudice.

As for the Civil Rights Act, the government suffers the additional indignity of *having sued in the wrong place*. *Compare* 52 U.S.C. § 20705 (the district court "in which a demand is made, or in which a record or paper so demanded is located, shall have jurisdiction") (cleaned up) *with* Doc. 121 at 5 (conceding that the records are located, and the request was made, in the Middle District of Pennsylvania). Subject matter jurisdiction over the CRA claim, here,

is lacking. Dismissal of that claim, therefore, will be without prejudice. Given the defects suffered by the government's positions, a transfer to the proper forum would not promote justice. 28 U.S.C. § 1631.

Consistent with the above, the Court hereby enters the following:

## II. ORDER

The Motions to Dismiss (**Docs. 91, 106, 108 & 115**) are **GRANTED**. The Motion by AFPI to intervene (**Doc. 59**) is **DENIED AS MOOT**.[3] The Motion to transfer (**Doc. 120**) is **DENIED**. Final judgment under Rule 58 will be entered, and the case marked closed.

IT IS SO ORDERED.

June 27, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

[3] As this Court previously has intimated, "[t]he presumption of regularity that has been previously extended to the [government] that it could be taken at its word—with little doubt about its intentions and stated purposes—no longer holds." U.S. v. Oregon, 2026 WL 318402 at *11; *accord* In re 2025 UPMC Subpoena, 2026 WL 570419, *1 (W.D. Pa. Mar. 2, 2026) ("To the extent the DOJ has urged trust, . . . it must understand why its assurances are cold comfort."). The notion that a private entity like AFPI – who seeks to intervene as a *plaintiff* – should be entrusted with Pennsylvania voters' sensitive information is even more outlandish.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-01481-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| AL SCHMIDT, *in his official capacity as Secretary of the State of Pennsylvania, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGMENT ORDER**

FINAL JUDGMENT hereby is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure. This case is marked CLOSED.

IT IS SO ORDERED.

June 27, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>AL SCHMIDT, in his official capacity as Secretary of State for the Commonwealth of Pennsylvania, et al.<br>Defendant(s). | Case Number: 2:25-cv-01481-CB |

**NOTICE OF APPEAL**

Plaintiff, United States of America, by and through the Attorney General, appeals to the United States Court of Appeals for the Third Circuit from this Court's Order Granting Defendant's Motion to Dismiss (ECF No. 146) and Final Judgment (ECF No. 147) entered in this action on June 27, 2026.

[Signatures Next Page]

Respectfully Submitted,

July 6th, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

WILLIAM MORHMAN
Senior Counsel

ANDREW BRANIFF
Acting Chief, Appellate Section

ERIC V. NEFF
Acting Chief, Voting Section

/s/ *Jonathon P. Hauenschild*
JONATHON P. HAUENSCHILD
Trial Attorney
Civil Rights Division
Voting Section
U.S. Department of Justice
4 Constitution Square
150 M St. NE, 8th Floor
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
202-215-2110

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsels of record.

*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild
Trial Attorney
Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, 8th Floor
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 8, 2026, and pursuant to Local Rule 30.1(b), four paper copies of this JOINT APPENDIX (Volumes I and II), identical to the joint appendix filed electronically, were sent to the Clerk of the Court by Federal Express.

s/ Joshua R. Zuckerman
JOSHUA R. ZUCKERMAN
Attorney